Eastern District of Kentucky
F I L E D
MAR 13 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 18-3-HRW

EDDIE DEWAYNE COLE,                                                           PLAINTIFF,

v.                 **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,             DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits in May 2014, alleging disability beginning in November 2013, due to ADHD, mild mental retardation and osteoarthritis. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Jerry Meade (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Gina Baldwin, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 31 years old at the time he alleges he became disabled. He has a high school education and his past relevant work experience consists of work as a fast food cook and truck unloader.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 23).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease and degenerative joint disease of the lumbar spine, degenerative disc disease of the cervical spine, scoliosis, substance abuse, adjustment disorder and depressed mood and borderline intellectual functioning, which he found to be "severe" within the meaning of the Regulations (Tr. 23-24).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any

of the listed impairments (Tr. 24). In doing so, the ALJ specifically considered Listings 1.00, 1.04, 12.04 and 12.11 (Tr. 24-27).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 33) but determined that he has the residual functional capacity ("RFC") to "lift 50 pounds occasionally, 2 pounds frequently; he can occasionally bend, squat and kneel; he is limited to simple, routine and repetitive tasks and can have no contact with the public" (Tr. 27)

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may

3

not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff presents a single argument on appeal; he contends that the ALJ should have found that he satisfies the criteria for Listing 12.05 and, therefore, is deemed disabled at Step 3 of the sequential analysis.

The listings at Step 3 streamline the disability decision-making process by identifying people whose impairments are more severe than the statutory disability standard, preventing them from performing *any* gainful activity—not just substantial gainful activity—regardless of age, education, or work experience. *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (citing 20 C.F.R. § 416.925(a); SSR 83–19, at 90). The listings create a presumption of disability making further inquiry unnecessary. *Id.* Each listing establishes specific medical criteria, which a claimant must prove his impairment satisfies to qualify for benefits under a listing. 20 C.F.R. § 404.1525(d); *see also Zebley*, 493 U.S. at 530. It is Plaintiff's burden to establish he meets or equals a listing. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

In this case, Plaintiff maintains that he satisfies the criteria for Listing 12.05C. However, as of January 17, 2017, a new Listing 12.05 became effective that eliminated Listing 12.05C." *Cranford v. Berryhill*, No. 3:16-CV-366, 2017 WL 3613665, at *2 (S.D. Ohio Aug. 22, 2017). Because ALJ Meade's March 2017 decision was made after the effective date of the revised

4

Listing 12.05 that eliminated paragraph C, the revised listing applied. Soc. Sec. Admin., *Revised Criteria for Evaluating Mental Disorders*, 81 Fed. Reg. 66138 n.1 (Sept. 26, 2016).

Plaintiff's entire contention is that he satisfied the criteria set forth in paragraph C of Listing 12.05. Yet the criteria upon which he relies no longer exists. Therefore, his argument is moot.

Nor can Plaintiff satisfy the current version of Listing 12.05. Under the current version, a claimant alleging an intellectual disorder must show:

> A. Satisfied by 1, 2, and 3 (see 12.00H):
> 1. Significantly subaverage general intellectual functioning evident in your cognitive inability to function at a level required to participate in standardized testing of intellectual functioning; and
> 2. Significant deficits in adaptive functioning currently manifested by your dependence upon others for personal needs (for example, toileting, eating, dressing, or bathing); and
> 3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.
> OR
> B. Satisfied by 1, 2, and 3 (see 12.00H):
> 1. Significantly subaverage general intellectual functioning evidenced by a or b:
> a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
> b. A full scale (or comparable) IQ score of 71–75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and
> 2. Significant deficits in adaptive functioning currently manifested

by extreme limitation of one, or marked limitation of two, of the
following areas of mental functioning:
a. Understand, remember, or apply information (see 12.00E1); or
b. Interact with others (see 12.00E2); or
or
c. Concentrate, persist, or maintain pace (see 12.00E3); or
d. Adapt or manage oneself (see 12.00E4); and
3. The evidence about your current intellectual and adaptive
functioning and about the history of your disorder demonstrates or
supports the conclusion that the disorder began prior to your
attainment of age 22.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.05.

Subsection A applies to claimants who are so mentally impaired that they cannot participate in standardized intelligence testing. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §12.05A. Because there are several examples of intelligence testing in the administrative transcript (Tr. 254, 258, 264) and no indication that Plaintiff was profoundly limited, Plaintiff cannot meet listing12.05A.

Thus, in order to succeed before this Court, he must satisfy all of the criteria of listing 12.05B. Plaintiff cannot meet this listing. The ALJ specifically considered each of the four areas of mental functioning and did not find Plaintiff to have any marked or extreme limitations. Instead, the record provides substantial evidence that Plaintiff was moderately limited in understanding, remembering, or applying information; moderately limited in interacting with others; moderately limited in concentrating, persisting, or maintaining pace; and mildly limited in adapting or managing himself (Tr.25-26). Plaintiff had not alleged that these findings lack support in substantial evidence and has thus waived any challenge he might have made to them.

6

*Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

March 13, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge